IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00731-BNB

CHARLES DALE WOLLNICK,

    Plaintiff,

v.

KAREN D. BENSON,
ROBERT DOUGLAS WOLLNICK, and
ELIZABETH M. MONTGOMERY,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Charles Dale Wollnick, initiated this action by filing *pro se* a Complaint (ECF No. 1) against his brother, his aunt, and the personal representative of his late father's estate. As relief Plaintiff seeks damages and an order reversing the judgment entered in Colorado state court probate proceedings. Plaintiff alleges that the probate court's order was affirmed by the Colorado Court of Appeals and that on January 27, 2014, the Colorado Supreme Court denied his petition for writ of certiorari. Plaintiff asserts jurisdiction over his claims pursuant to the federal diversity statute, 28 U.S.C. § 1332.

    On March 13, 2014, Magistrate Judge Boyd N. Boland entered an order directing Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Magistrate Judge Boland specifically noted that diversity jurisdiction is not appropriate because there is a lack of complete diversity. *See Owen Equip. & Erection*

*Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant"). Magistrate Judge Boland also noted that the *Rooker-Feldman* doctrine prohibits the Court from reviewing and reversing a state court judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

On April 8, 2014, Plaintiff filed an amended Civil Cover Sheet (ECF No. 6) asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. On April 10, 2014, Plaintiff filed "Plaintiff's Reply to Order: to Show Just Cause" (ECF No. 9) asserting that the Court has subject matter jurisdiction over his claims because he is challenging the constitutionality of Colorado state statutes. Plaintiff also explains that he is "[a]ppealing this case to the next highest court in the State of Colorado." (ECF No. 9 at 1.)

The Court must construe the Complaint and other papers filed by Plaintiff liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Plaintiff fails to show good cause why this action should not be dismissed for lack of subject matter jurisdiction. Although Plaintiff no longer relies on diversity of citizenship, he fails to address the fact that the Court lacks jurisdiction over his claims in

this action pursuant to the *Rooker-Feldman* doctrine.  In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").  Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

In the event Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine because the state court judgment was not final at the time this action was filed, the Court must abstain from exercising jurisdiction over Plaintiff's claims in accordance with *Younger v. Harris*, 401 U.S. 37, 44 (1971).  Pursuant to *Younger*, federal courts must refrain from interfering in ongoing state court proceedings in the absence of extraordinary circumstances.  *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996).  Abstention under *Younger* is appropriate when three conditions are met.

> First, there must be ongoing state criminal, civil, or administrative proceedings.  Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit.  Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

All three conditions are met in this action if the state court judgment is not final. First, the state court proceedings are ongoing if the judgment is not final. Second, Plaintiff may raise his claims in the course of the state court proceedings. Finally, the state court probate proceedings involve important state interests because the State of Colorado has an interest in administering probate actions filed in a Colorado state court. *See Harper v. Pub. Serv. Comm'n*, 396 F.3d 348, 352–53 (4th Cir. 2005) ("[T]he law of probate, trusts, and estates – allocating the personal property of citizens – remains an important interest of the states for *Younger* purposes."); *Witco Corp. v. Beekhuis*, 38 F.3d 682, 689 (3d Cir. 1994) ("Probate law, like real estate law and domestic relations law, has traditionally been within the province of the individual states."). Therefore, even if the action is not barred by the *Rooker-Feldman* doctrine, the Court will abstain from exercising jurisdiction pursuant to *Younger*.

For all of these reasons, the instant action must be dismissed. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed for lack of subject matter jurisdiction. It is

FURTHER ORDERED that Plaintiff's motions for appointment of counsel (ECF

No. 7) and to file a durable power of attorney (ECF No. 8) are DENIED as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  18th  day of   April  , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court