IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00731-BNB

CHARLES DALE WOLLNICK,

    Plaintiff,

v.

KAREN D. BENSON,
ROBERT DOUGLAS WOLLNICK, and
ELIZABETH M. MONTGOMERY,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Charles Dale Wollnick, has filed *pro se* a document titled "Plaintiff's Motion: Relief From a Judgment Order (Pursuant to Federal Rule 60(6)" (ECF No. 12) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 10) and the Judgment (ECF No. 11) entered in this action on April 18, 2014.  The Court must construe the motion to reconsider liberally because Mr. Wollnick is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reconsider will be denied.

    A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Because Mr. Wollnick's motion to reconsider was filed more than twenty-eight days after the Judgment was entered on April 18, 2014, the Court will consider the motion pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action for lack of subject matter jurisdiction. The Court specifically determined that Mr. Wollnick's claims are barred by the *Rooker-Feldman* doctrine, which prohibits the Court from reviewing and reversing a state court judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The Court reasoned in the alternative that, in the event the state court judgment was not final at the time this action was filed, the Court must abstain from exercising jurisdiction over Mr. Wollnick's claims in accordance with the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Mr. Wollnick asserts in the motion to reconsider that his right to appeal in state court was violated and that the *Younger* abstention doctrine does not bar his claims because there are no ongoing state court proceedings.

After review of the motion to reconsider and the entire file, the Court finds that Mr. Wollnick fails to demonstrate any extraordinary reason why the Court should reconsider and vacate the order to dismiss this action. Although Mr. Wollnick contends

his claims are not barred by the *Younger* abstention doctrine, he does not address the determination that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Accordingly, it is

ORDERED that "Plaintiff's Motion: Relief From a Judgment Order (Pursuant to Federal Rule 60(6)" (ECF No. 12) is DENIED.

DATED at Denver, Colorado, this  22nd  day of     May         , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court